[632 NYS2d 737]

In the Matter of BRADLEY C. BENNETT, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 29, 1995

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for petitioner.

*Michael D. Flowerday,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 17, 1984 and maintains an office in Rochester, New York. The petition filed by the Grievance Committee charged respondent with misconduct involving his representation of a client in an estate matter. Inasmuch as respondent's answer denied the material allegations of the complaint, a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. The Grievance Committee moves to confirm the report filed by the Referee.

The Referee found that respondent, who was retained to settle an estate, converted estate funds, submitted an inaccurate and misleading accounting of the estate funds to his client, failed to close the estate in a timely manner, failed to distribute the available funds and failed to respond to repeated requests from the client to close the estate and to account for estate funds. Additionally, the Referee found that respondent failed to respond to three requests from the Grievance Committee for information regarding the complaint and responded less than candidly to a subpoena duces tecum. We confirm the report of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, deceit, and misrepresentation;

DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8])—engaging in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (A), (B) and (C) (22 NYCRR 1200.46 [a], [b], [c])—failing to maintain and preserve client funds, by commingling and converting client funds and by failing to keep records related to client funds.

Additionally, respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to register as an attorney and by failing to pay the required fee.

We have considered the matters in mitigation submitted by respondent, including his previously unblemished record and the statements from physicians indicating that respondent

suffered from clinical depression. Accordingly, we conclude that respondent should be suspended for two years and until further order of the Court. Additionally, respondent is directed to make restitution in the amount found by the Referee.

DENMAN, P. J., GREEN, LAWTON, FALLON and BALIO, JJ., concur.

Order of suspension entered.